# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2023

Lyle W. Cayce
Clerk

No. 23-20192
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Audra Jones,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-344-11

———————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Audra Jones pleaded guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349. She was sentenced to 30 months of imprisonment. On appeal, Jones contends that the factual basis was insufficient to support her guilty plea. Jones has also filed a motion for release pending appeal.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Contrary to Jones's assertion otherwise, her initial statements during the rearraignment hearing regarding her concern over whether she committed the offense knowingly and willingly were not sufficient to "raise a claim of error with the district court in such a manner so that the district court may correct itself and thus obviate the need for appellate court review." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (internal quotation marks and citation omitted). Accordingly, her challenge to the sufficiency of the factual basis is reviewed for plain error. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019).

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Before accepting a guilty plea, the district court "must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). Contrary to Jones's assertions otherwise, in reviewing whether the evidence is factually sufficient to support the guilty plea conviction, this court "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting [her] conviction." *United States v. Ortiz*, 927 F.3d 868, 873 (5th Cir. 2019) (internal quotation marks and citation omitted). "This includes the facts gleaned from the plea agreement and plea colloquy, the factual findings relied upon in the presentence report ("PSR"), as well as fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing." *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010) (internal quotation marks and citation omitted).

Conspiracy to commit health care fraud requires evidence "that (1) two or more persons made an agreement to commit health care fraud; (2)

that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose." *United States v. Martinez*, 921 F.3d 452, 467 (5th Cir. 2019) (internal quotation marks and citation omitted). To be guilty of health care fraud, a defendant must have "knowingly and willfully execute[d], or attempt[ed] to execute, a scheme or artifice—(1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services." *United States v. Moparty*, 11 F.4th 280, 297 (5th Cir. 2021) (internal quotation marks and citation omitted). To establish a willful violation of the health care fraud statute, "the Government must prove that the defendant acted with knowledge that [her] conduct was unlawful." *United States v. Nora*, 988 F.3d 823, 830 (5th Cir. 2021) (internal quotation marks and citation omitted). "Conspiracy has two intent elements—intent to further the unlawful purpose and the level of intent required for proving the underlying substantive offense." *Id.* (internal quotation marks and citation omitted).

In the instant case, the record in its entirety, including the PSR, the factual basis as set forth in the plea agreement, the rearraignment transcript, Jones's statements at sentencing, and "fairly drawn inferences from the evidence" show that Jones acted with knowledge that her conduct was unlawful. *See Trejo*, 610 F.3d at 317. Additionally, despite Jones's assertions otherwise, her attorney did not stipulate to facts amounting to the functional equivalent of a guilty plea. Instead, the factual basis in the plea agreement to which she admitted explicitly provided that the federal agencies that administered the health care programs in question affected interstate commerce. While Jones also asserts that we cannot rely on the plea

agreement to evaluate her claim because the district court coerced her to sign the agreement and plead guilty, her claim is unsupported by the record. Accordingly, the district court did not plainly err in finding a sufficient factual basis in support of Jones's guilty plea. *See Trejo*, 610 F.3d at 313.

Based upon the foregoing, the judgment of the district court is AFFIRMED, and the motion for release pending appeal is DENIED as moot.